United States District Court
Southern District of Texas

**ENTERED**

October 22, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDRES ALONSO CERVANTES-MARTINEZ., | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:25-CV-236 |
| | § § | |
| WARDEN FOR THE PORT ISABEL DETENTION CENTER; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA JO BONDI, U.S. Attorney General, | § § § § § § § § § | |
| Respondents. | § | |

## TEMPORARY RESTRAINING ORDER

Petitioner Andres Alonso Cervantes-Martinez filed a Petition for a Writ of Habeas Corpus and requests that the Court issue a temporary restraining order enjoining Respondents from removing Cervantes-Martinez from the United States and to order his immediate release. (Motion for TRO, Doc. 4)

Cervantes-Martinez is a Peruvian national who first entered the United States on May 2, 2022. The history of removal proceedings against him is lengthy. Most recently, in August 2025, Immigration and Customs Enforcement ("ICE") detained Cervantes-Martinez and recently transferred him to the Port Isabel Service Processing Center, which is within the jurisdiction of this Court.

On October 2, 2025, an Immigration Judge issued an Order affirming a credible fear determination adverse to Cervantes-Martinez, and indicating, "the case is returned to [the Department of Homeland Security] for removal of [Cervantes-Martinez]." (IJ Order, Doc. 5–8, 2)

On October 19, 2025, Cervantes-Martinez filed his Petition for a Writ of Habeas Corpus (Doc. 1), challenging his detention and removal. The following day, he filed his pending Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4). And on October 22, he filed his Amended Petition for Writ of Habeas Corpus (Doc. 6)

On October 22, 2025, the Court held a hearing on the Motion for Temporary Restraining Order. The parties dispute whether the Immigration Judge's October 2 Order represents a final order of removal. The parties also dispute whether the Court possesses subject matter jurisdiction over this matter under 8 U.S.C. § 1252(e)(2)(B), which authorized federal district courts to determine "whether the petitioner was ordered removed under" 8 U.S.C. § 1225(b)(1).

Respondents' counsel represented that Respondents intend to move forward with the removal of Cervantes-Martinez, and could not represent that absent emergency injunctive relief, Respondents would not remove him within the next two weeks.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Cervantes-Martinez by the United States would cause Cervantes-Martinez immediate and irreparable injury, as he would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal).

The Court finds that maintaining the status quo is required to afford the parties the ability to develop a fuller record for the Court to consider the request for a preliminary injunction and other forms of relief, as presented in the Amended Petition for Writ of Habeas Corpus, and to

prevent the immediate and irreparable injury that may occur with the removal of Cervantes-Martinez.

Accordingly, pursuant to Federal Rule of Civil Procedure 65 and the Court's inherent powers, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioner Andres Alonso Cervantes-Martinez during the effective dates of this Temporary Restraining Order;

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Andres Alonso Cervantes-Martinez outside of Cameron County, Texas, during the effective dates of this Temporary Restraining Order;

**ORDERED** that by no later than November 4, 2025, Respondents shall file a Response to the Petitioner's Motion for a Preliminary Injunction; and

**ORDERED** that a hearing on the Petitioner's Motion for a Preliminary Injunction is scheduled for November 4, 2025, at 1:30 p.m.

The Court shall conduct the November 4 hearing by videoconference.

This Temporary Restraining Order shall expire on the earlier of 4:00 p.m. (central time) on Wednesday, November 5, 2025, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on October 22, 2025 at 4:00 p.m. (central time).

Fernando Rodriguez, Jr.
United States District Judge