United States District Court
Southern District of Texas
**ENTERED**
November 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANDRES ALONSO CERVANTES-MARTINEZ., | § § § |
| Petitioner, | § § |
| VS. | § § |
| | §   CIVIL ACTION NO. 1:25-CV-236 |
| WARDEN FOR THE PORT ISABEL DETENTION CENTER; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA JO BONDI, U.S. Attorney General, | § § § § § § § § § |
| Respondents. | § |

## TEMPORARY RESTRAINING ORDER

On November 4, 2025, the Court held a hearing on Petitioner Andres Alonso Cervantes-Martinez's Motion for Preliminary Injunction (Doc. 4). The Court previously issued a Temporary Restraining Order (Doc. 10), which prohibited Respondents from removing or deporting Cervantes-Martinez, or from transferring him outside of Cameron County, Texas. The current Temporary Restraining Order expires on November 5, 2025 at 4:00 p.m. central standard time. To preserve the status quo pending resolution of the Motion for Preliminary Injunction, the Court finds it necessary to extend the Temporary Restraining Order.

Cervantes-Martinez is a Peruvian national who first entered the United States on May 2, 2022. The history of removal proceedings against him is lengthy. Most recently, in August 2025, Immigration and Customs Enforcement ("ICE") detained Cervantes-Martinez and recently transferred him to the Port Isabel Service Processing Center, which is within the jurisdiction of this Court.

On October 19, Cervantes-Martinez filed his Petition for a Writ of Habeas Corpus (Doc. 1), challenging his detention and removal. Two days later, he filed his pending Motion for Preliminary Injunction (Doc. 4).

Cervantes-Martinez he filed his Amended Petition for Writ of Habeas Corpus (Doc. 6) on October 21. On October 22, the Court held a hearing on the matter. At the hearing, Respondents' counsel represented that Respondents intend to move forward with the removal of Cervantes-Martinez, and could not represent that absent emergency injunctive relief, Respondents would not remove him within the next two weeks. After the hearing, the Court issued a Temporary Restraining Order to allow the parties more time to develop the record before the Court. (*See* TRO, Doc. 10). On November 3, Respondents filed their Response in Opposition to a Motion for a Preliminary Injunction (Doc. 12).

On November 4, the Court held a hearing to consider the parties' arguments. The parties dispute whether Cervantes-Martinez is subject to a final order of removal. The parties also dispute whether the Court possesses subject matter jurisdiction over this matter under 8 U.S.C. § 1252(e)(2)(B), which authorizes federal district courts to determine "whether the petitioner was ordered removed under" 8 U.S.C. § 1225(b)(1).

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Cervantes-Martinez by the United States would cause Cervantes-Martinez immediate and irreparable injury, as he would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition

which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal).

The Court finds that maintaining the status quo is required to consider the issues that the Motion for Preliminary Injunction presents, and to prevent the immediate and irreparable injury that may occur with the removal of Cervantes-Martinez.

Accordingly, pursuant to Federal Rule of Civil Procedure 65 and the Court's inherent powers, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioner Andres Alonso Cervantes-Martinez during the effective dates of this Temporary Restraining Order; and

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Andres Alonso Cervantes-Martinez outside of Cameron County, Texas, during the effective dates of this Temporary Restraining Order.

This Temporary Restraining Order shall expire on the earlier of 11:00 a.m. (central standard time) on Wednesday, November 19, 2025, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on November 5, 2025 at 11:00 a.m. (central time).

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge