Case 1:25-cv-00236   Document 19   Filed 11/21/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
November 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANDRES ALONSO CERVANTES-MARTINEZ, § § § | |
| Petitioner, § § | |
| VS. § § § | CIVIL ACTION NO. 1:25-CV-236 |
| WARDEN FOR THE PORT ISABEL DETENTION CENTER; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA JO BONDI, U.S. Attorney General, § § § § § § § § § | |
| Respondents. § | |

# **ORDER**

Petitioner Andres Alonso Cervantes-Martinez is a Peruvian citizen who entered the United States in 2022 and was placed in expedited removal proceedings. He expressed a fear of returning to Peru, but received a negative credible fear determination from the asylum officer. When a supervisor confirmed the negative determination, Cervantes requested review by an immigration judge ("IJ").

An IJ review of the credible fear determination appears to have occurred in July 2022, but Cervantes claims that he did not receive notice of the scheduled hearing and did not appear at the review. He remained in the United States and married a United States citizen.

Almost three years later, in August 2025, Immigrations and Customs Enforcement ("ICE") detained Cervantes and expressed the intent to remove him via expedited removal. Cervantes filed this habeas action, in which he contests that a final order of removal exists because Respondents did not comply with required procedures to obtain such an order.

To maintain the status quo while considering the issues that this case raises, the Court granted a temporary restraining order precluding Cervantes's removal. Cervantes filed a motion for a preliminary injunction, and the Court held a hearing on the matter. In opposition to a preliminary injunction, Respondents argue that under 8 U.S.C. § 1252(e)(2), the Court does not possess subject matter jurisdiction over Cervantes's habeas action.

After considering the arguments from both parties, and based on the record and the applicable law, the Court concludes that subject matter jurisdiction does not exist to adjudicate Cervantes's claims in habeas and, as a result, that he is not entitled to a preliminary injunction.

I.   **Factual and Procedural History**

   A.  **2022 Events**

On May 2, 2022, Cervantes entered the United States without inspection. He was detained and found inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Two days later, he received a Notice and Order of Expedited Removal with only the Determination of Inadmissibility section completed. The signature lines for the immigration officer and the supervisor were left blank. Cervantes signed the "Acknowledgement" section of the form, confirming receipt of the document, although the date of receipt was not indicated and the "Certificate of Service" section was blank.

The United States placed Cervantes in expedited removal proceedings, in which he requested a credible fear interview. At the interview on May 31, 2022, Cervantes stated that he was the victim of violent threats and extortion in Peru by an armed group that works with the local police; that he feared for himself and his family's safety after receiving the threats; that members of the armed group searched for him at his family members' homes; and that he fled the country after he received a note with a bullet attached to it telling him to "hurry up." (Credible Fear

Interview, Doc. 17–1, 23–26)  The asylum officer found Cervantes's testimony credible, but concluded that it did not meet the legal requirements for credible fear of persecution.[1]

On June 1, the asylum officer's supervisor affirmed the negative credible fear determination.  Cervantes then invoked his right under 8 U.S.C. § 1225(b)(1)(B)(iii)(III) to have an IJ review the determination.

Before any IJ review took place, Cervantes was paroled into the United States, and he traveled to Chicago to live with his sponsor.  The immigration court in Chicago scheduled the IJ review for June 13, but then rescheduled it to July 28.  The immigration court mailed the rescheduling notice to Cervantes, but the document was returned as undeliverable.  As a result, it appears that Cervantes did not receive the notice, and he confirms that he did not attend the July 28 review.[2]  In any event, the record supports the conclusion that the IJ review occurred in July 2022 and the IJ affirmed the negative credible fear determination, but without issuing a written order of this ruling.

In August, Cervantes attempted to contact ICE regarding the status of the IJ review, but did not receive a response.

B.  2025 Events

A few years passed.  Cervantes remained in Chicago and married a United States citizen.  At some point, he filed a visa petition to adjust his immigration status based on the marriage.

On August 18, 2025, Cervantes arrived at the USCIS field office in Chicago for an adjustment-of-status interview.  There, ICE officials detained and arrested him, and then transferred him to the Port Isabel Service Processing Center in Cameron County, Texas, within this Court's jurisdiction.

---

[1] "Credible fear of persecution means that there is a significant possibility, taking into account the credibility of the statements made by an alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under [8 U.S.C. § 1158]." 8 U.S.C § 1225(b)(1)(B)(v).

[2] The record does not reflect whether Cervantes attempted to attend the June 13 review.  Had he done so, he presumably would have learned of the rescheduling.  He also claims that in July, he contracted COVID-19 around the time of the hearing date.

On October 2, an IJ issued a written order confirming that in 2022, an IJ had affirmed the negative credible fear determination.³  The IJ "returned [the case] to DHS for removal of [Cervantes]." (Oct. 2, 2025 Order, Doc. 5–8, 2)

On October 19, Cervantes filed his Petition for Writ of Habeas Corpus.  Two days later, he amended his pleading and separately requested a temporary restraining order precluding his removal and ordering his immediate release.  The Court held a hearing on October 22 and issued a temporary restraining order enjoining Respondents from removing, deporting, or relocating Cervantes during the pendency of the TRO.

On October 23, an immigration officer finalized the May 4, 2022 Order of Expedited Removal by completing the bottom portion of the document, entitled "Order of Removal under Section 235(b)(1) of the Act." (Notice and Order of Expedited Removal, Doc. 13, 1)  The October 23, 2025 Order contains signatures by an immigration officer and a supervisor, and a completed "Acknowledgment" section confirming Cervantes's receipt.

On November 4, the Court held a hearing on the request for a preliminary injunction.  To maintain the status quo pending resolution of the issues, the Court has twice extended the temporary restraining order.

## II.   Analysis

To obtain a preliminary injunction, a party must demonstrate (1) a likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of equities favors the movant; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).  If the party "does not succeed in carrying its burden on any one of these four prerequisites, a preliminary injunction may not issue[.]" *Enter. Int'l, Inc. v. Corporación Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

---

³ The Order erroneously references an IJ review occurring on June 13, 2022, rather than on the rescheduled date of July 28, 2022.

If a court lacks subject matter jurisdiction to review the merits of a claim, it may not grant a preliminary injunction. *See, e.g.*, *Burgess v. Whang*, 152 F.4th 579, 594 (5th Cir. 2025) (reversing a district court's grant of a preliminary injunction because the court was precluded from exercising subject matter jurisdiction over the lawsuit). The party asserting federal subject matter jurisdiction bears the burden of establishing such jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006); *Texas v. United States*, 126 F.4th 392, 405 (5th Cir. 2025).

In this matter, Respondents challenge the issuance of any preliminary injunction on the grounds, in part, that the Court lacks subject matter jurisdiction to consider Cervantes's Petition. Based on the record and the applicable law, the Court agrees.

### A. Expedited Removal Process

In 2022, Respondents placed Cervantes in expedited removal under 8 U.S.C. § 1225. Congress established the expedited removal process in 1996 through the Illegal Immigration Reform and Immigrant Responsibility Act ("IRRIRA"). As the Supreme Court has explained, Congress enacted IRRIRA to "provid[e] more expedited procedures for certain 'applicants for admission.'" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020).

Applicants can avoid expedited removal by indicating "either an intention to apply for asylum or a fear of persecution[.]" *Id.* at 109 (internal quotation marks omitted). When an applicant invokes this right, an asylum officer conducts a credible fear interview. If the asylum officer issues a negative credible fear finding, a supervisor will review that determination. And if the supervisor agrees with the negative credible fear determination, "the applicant may appeal to an immigration judge, who can take further evidence and 'shall make a de novo determination.'" *Id.* at 110 (quoting 8 C.F.R. § 1003.42(d)). The IJ's "[r]eview shall be concluded as expeditiously as possible, to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date of the determination under subclause (I)." 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

## B. Jurisdiction over Expedited Removal Order

Under 28 U.S.C. § 2241, federal courts have habeas corpus jurisdiction to consider claims that an individual "is being held 'in custody in violation of the Constitution or laws . . . of the United States[.]'" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)). Congress may limit this jurisdiction so long as it provides "an adequate and effective substitute for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 732 (2008). Limits on habeas corpus that allow "a remedy for unlawful executive detention" conform with the Suspension Clause of the U.S. Constitution.[4] *Thuraissigiam*, 591 U.S. at 127 (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

As part of IIRIRA, Congress "limit[ed] the review that an alien in expedited removal may obtain via a petition for a writ of habeas corpus." *Thuraissigiam*, 591 U.S. at 111. The statute provides that habeas review "shall be limited to determinations of—

(A) whether the petitioner is an alien,
(B) whether the petitioner was ordered removed under such section, and
(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). As to the second permissible ground–i.e., "whether the petitioner was ordered removed under [Section 1225(b)(1)]"–IIRIRA restricts district courts to "determining whether . . . such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). Courts may not "review . . . whether the alien is actually inadmissible or entitled to any relief from removal." *Id.*

---

[4] U.S. Const. art. I, § 9, cl. 2.

The Fifth Circuit considered these provisions in *Brumme v. I.N.S.*, 275 F.3d 443, 445 (5th Cir. 2001). In that case, the petitioner spent extended periods in the United States with a visitor visa. In 2000, she returned to her home country of Germany for ten days. She flew back to the United States with her visitor visa, which remained unexpired. The immigration inspector, however, concluded that she was an intending immigrant who required an immigrant visa rather than a nonimmigrant visitor visa to enter the country. As Brumme had no immigrant visa, the immigration inspector considered her inadmissible, and then ordered her removed via expedited removal under Section 1225(b)(1)(A)(i). In response, she filed a habeas action to prevent her removal, arguing that Section 1225(b)(1) did not apply in her circumstances.

The Government challenged that the district court possessed subject matter jurisdiction. In its analysis, the court characterized Brumme's argument as contending that Section 1252(e)(2) permitted habeas review to determine "whether [§ 1225(b)(1)] was applicable in the first place." *Id.* at 448. The court found the argument unpersuasive. First, the court quoted Section 1252(e)(5)'s direction that judicial review of an order issued under Section 1225(b)(1) "shall be limited to whether [a final order of removal] in fact was issued and whether it relates to the petitioner." *Id.* Based on that language, the court then rejected Brumme's contention: "Brumme attempts an end run around this language; but the language is clear, and the matter ends there."[5] *Id.*

The restrictions within Section 1252(e) defeat jurisdiction in Cervantes's case. He argues that the Court has jurisdiction to determine whether he "was ordered removed" under Section 1225(b)(1). Specifically, he contends that Respondents cannot rely on an Order of Expedited Removal based on Section 1225(b)(1), on the grounds that Respondents failed to comply with the

---

[5] In different circumstances, district courts within the Fifth Circuit have relied on *Brumme* to reject challenges to final orders of removal brought through petitions for a writ of habeas corpus. *See, e.g., Ramos v. Mayorkas*, No. EP-21-CV-127-KC, 2022 WL 1931173 (W.D. Tex. Jan. 20, 2022) (concerning the petitioner's claim that she was not an "applicant for admission" subject to Section 1225(b)); *Rodrigues v. McAleenan*, 435 F. Supp. 3d 731 (N.D. Tex. 2020) (involving a habeas petitioner who alleged, in part, that he was not provided required procedural protections during his asylum proceedings). None of these cases applied *Brumme* to circumstances factually analogous to the present case. But the decisions reinforce the limitations that Section 1252(e)(2)(B) imposes.

7 / 10

procedural requirements to issue such an order. The relevant statute requires that IJ review of a negative credible fear determination occur "as expeditiously as possible, . . . but in no case later than 7 days after the date of the determination[.]" 8 U.S.C. § 1225(b)(1)(B)(iii)(III). No party contends that IJ review occurred within that timeframe as to Cervantes. In addition, Cervantes claims that he never received proper notice of the July 28, 2022 review date and, as a result, did not attend to present his position. As a result, argues Cervantes, Respondents could not issue an Order of Expedited Removal under Section 1225(b)(1). In effect, Cervantes contends that because the Order of Expedited Removal should not have issued, the Court should disregard it, finding that no such order exists, and that he has not been ordered removed. According to Cervantes, under 8 U.S.C. § 1252(e)(2)(B), the Court possesses subject matter jurisdiction to make this factual determination.

In support of his argument, Cervantes relies on *Agarwal v. Lynch*, 610 F. Supp. 3d 990 (E.D. Mich. 2022) and *Dugdale v. U.S. Customs and Border Protection*, 88 F. Supp. 3d 1 (D.D.C. 2015), in which district courts found that jurisdiction existed under Section 1252(e)(2)(B) to determine whether an order of removal existed. These two decisions, however, prove readily distinguishable.[6] Each district court exercised jurisdiction to determine whether an order of removal existed, because the petitioners argued that the document that respondents contended represented a final order of expedited removal lacked one or more necessary signatures. In essence, the petitioners questioned the authenticity of the respondents' alleged order of removal. In those circumstances, the courts exercised jurisdiction to determine "whether such an order in fact was issued[.]" 8 U.S.C § 1252(e)(5). In contrast, in the present matter, Cervantes does not challenge the authenticity of the Order of Expedited Removal on which Respondents rely. And Cervantes does not deny that the Order of Expedited Removal pertains to him. In other words,

---

[6] In addition, these decisions do not represent binding authority. To the extent that the cases can be read for the proposition that district courts possess jurisdiction in habeas to determine whether procedural defects impermissibly led to the issuance of an expedited removal order, the Court finds the decisions unpersuasive.

8 / 10

he does not argue whether a final order of removal in fact was issued and whether it relates to him.

Instead, Cervantes's central attack is that the process that Respondents utilized to obtain the Order of Expedited Removal failed to comply with statutory requirements, mainly because the IJ did not review the negative credible fear determination within the statutorily-required time period and that Cervantes did not receive proper notice of the IJ review.[7] But this challenge asks the Court to determine whether the Order of Expedited Removal *should* have issued, and not simply whether it did issue and whether it applies to Cervantes. Section 1252(e) authorizes district courts to review the latter, but not the former–i.e., courts cannot review whether an order of removal should have issued. Accepting Cervantes's argument would authorize an "end run" around the limitations that Section 1252(e) creates. The statute and *Brumme*'s application of its text preclude such a challenge. Therefore, the Court concludes that Cervantes has not demonstrated that subject matter jurisdiction exists to consider the challenge to the Order of Expedited Removal. As a result, Cervantes cannot carry his burden of establishing a substantial likelihood of success on the merits of his claim.

### III. Conclusion

For these reasons, it is is:

**ORDERED** that Petitioner Andres Alonso Cervantes-Martinez's Motion for Preliminary Injunction (Doc. 4) is **DENIED**.

To maintain the status quo and permit Petitioner Andres Alonso Cervantes-Martinez adequate time to pursue any available appellate remedies, it is also **ORDERED** that the

---

[7] Cervantes presents a colorable claim under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). An individual may advance an *Accardi* claim when an agency fails to follow applicable statutes, the U.S. Constitution, or the agency's own regulations. *See Retana Leyva v. Barr*, 838 F. App'x 13, 19 (5th Cir. 2020) (per curiam) (unpublished) (citing *Arzanipour v. I.N.S.*, 866 F.2d 743, 746 (5th Cir. 1989)). But Cervantes does not argue that such a claim expands the scope of this Court's subject matter jurisdiction in a habeas proceeding. As a result, the Court does not reach the *Accardi* claim. And Cervantes does not include a Suspension Clause challenge in his Petition.

provisions of the Temporary Restraining Order (Doc. 15) shall be extended through December 1, 2025, at 12:00 p.m. (central standard time).

Signed on November 21, 2025.

*Fernando Rodriguez, Jr.*
_____
Fernando Rodriguez, Jr.
United States District Judge